UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WUERTH, et al.,<br><br>　　　　　Defendants. | No.  2:12-cv-1230 MCE DB P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

**I.　　Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on May 8, 2012, pursuant to 42 U.S.C. § 1983. On August 4, 2014, plaintiff's complaint was dismissed with leave to amend after defendants' motion to dismiss was granted. See ECF Nos. 22, 27. On August 18, 2014, plaintiff filed a first amended complaint, which was also dismissed for failure to state a claim upon grant of defendants' motion to dismiss. See ECF Nos. 31, 37, 41. Plaintiff's second amended complaint is now before the Court for screening. Also pending is plaintiff's June 6, 2016, "motion to expedite proceedings." ECF No. 45.

**II.　　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

### III. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### IV. Plaintiff's Allegations

At all times relevant to this action, plaintiff was an inmate housed at California State Prison in Folsom, California. He names as defendants Correctional Officers ("CO") Wuerth, Quevedo, and Viles, and Does 1 through 10.

Plaintiff suffers from severe hypertension. On the morning of July 7, 2015, at 6:00 a.m., plaintiff suffered a "hypertension emergency" resulting in confusion and dizziness. He informed

////

////

1 CO Viles that he was experiencing a hypertensive crisis and wanted to go "man down."[1] Instead
2 of taking plaintiff directly to the medical clinic at 6:00 a.m., CO Viles informed CO Wuerth to
3 take plaintiff at 8:00 a.m. At 8:00 a.m., plaintiff told both COs Wuerth and Quevedo that he
4 needed to go "man down," but CO Quevedo told plaintiff to wait until he finished medication
5 pass. Though each of these defendants was aware of plaintiff's medical condition, none took him
6 to the medical clinic right away. Plaintiff then attempted to lie down on his assigned top bunk but
7 lost consciousness and fell to the floor, sustaining injuries to his head and right shoulder.
8      Plaintiff brings suit for a violation of his Eighth Amendment rights and for negligence. He
9 seeks damages.

10 **V.    Discussion**

11      Where a prisoner's Eighth Amendment claims arise in the context of medical care, the
12 prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate
13 indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth
14 Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and
15 the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059
16 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th
17 Cir. 1997) (en banc).

18      A serious medical need exists if the failure to treat the condition could result in further
19 significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091,
20 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of
21 facts from which the inference could be drawn that a substantial risk of serious harm exists, and
22 he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant
23 is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk
24 by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted
25 or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.
26 ////

---

[1] Per plaintiff, this "is a term used by prisoners that they need to be seen by medical staff as an emergency." Compl. 4.

1    Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.
2 at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a
3 plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th
4 Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.
5 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this
6 regard, "[a] prisoner need not show his harm was substantial; however, such would provide
7 additional support for the inmate's claim that the defendant was deliberately indifferent to his
8 needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at
9 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that
10 inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.
11 1989) (per curiam). A failure to competently treat a serious medical condition, even if some
12 treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

13    The Court assumes that plaintiff's severe hypertension constitutes a serious medical need.
14 As to the deliberate indifference requirement, plaintiff has failed to demonstrate that any of the
15 defendants acted with the necessary culpability to state a claim. Plaintiff contends only that he
16 informed the defendants that he needed to go "man down" because he felt confused and drowsy.
17 In response, CO Viles directed CO Wuerth to take plaintiff to the medical clinic at 8:00 a.m., CO
18 Wuerth apparently did not take plaintiff at 8:00 a.m., and CO Quevedo told plaintiff he can go
19 after medication pass. None of these allegations reach the showing necessary for a claim of
20 deliberate indifference. There are no facts from which any of the defendants could have
21 reasonably inferred that failing to promptly release plaintiff to the medical clinic would pose a
22 substantial risk of serious harm to plaintiff.

23    Though the Court reiterates that it is unfortunate that plaintiff was injured, the claims
24 asserted against the defendants simply do not state an Eighth Amendment claim. Plaintiff was
25 previously notified of the applicable legal standard and the deficiencies in his pleading, and
26 despite guidance from the Court, plaintiff's second amended complaint asserts the same
27 allegations previously asserted. Based upon the allegations in plaintiff's original, first, and second
28 amended complaints, the Court is persuaded that plaintiff is unable to allege any additional facts

that would support a claim for relief under § 1983, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

As for plaintiff's state law negligence claim, the "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). In other words, if plaintiff fails to state a viable federal claim in his pleading, the Court will not exercise supplemental jurisdiction over his state law claim. Therefore, the Court will recommend that because no federal cause of action exists, supplemental jurisdiction should not be exercised over any state law claims.

## VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's June 6, 2016, motion to expedite proceedings (ECF No. 45) is GRANTED; and

IT IS HEREBY ORDERED that:

1. This action be dismissed without leave to amend for failure to state a claim;
2. The Court decline to exercise jurisdiction over plaintiff's state law claim; and
3. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////
////
////
////

1    Plaintiff is advised that failure to file objections within the specified time may result in the
2 waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing
3 Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).
4 Dated:  October 3, 2016

```
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE
```

/DLB7;tayl1230.dism